We will hear the first case, Servipronto v. McDonald's. Good morning, Your Honor. Francisco Rodriguez of Akerman LLP, together with my partner, Steve Cordero, we represent the appellant Servipronto De El Salvador, S.A. May it please the Court. On December 6, 2005, the Second Civil Chamber of El Salvador entered a final judgment in Servipronto and against McDonald's for approximately $24 million. That judgment had to be notified immediately and paid within three days of notification. However, McDonald's did not pay that judgment in 2005. Instead, McDonald's made a series of inappropriate filings and implemented a strategy to delay the payment of the judgment until 2019. This is Judge Chambers, so you raised the issue of interest in El Salvador, right? That is correct, Your Honor. And three courts held that Servipronto is not entitled to interest on the judgment, right? No, Your Honor. And that is a misconception. Right? No, that is not correct, Your Honor. And that is a misconception that I really want to dispel. And if we look at the orders entered by the courts in El Salvador, and the appropriate excerpt is on page 222 of Appellant Appendix, you will see, Your Honor, that what the court of El Salvador said was, number one, the judgment had to be paid within three days. Number two, that McDonald's did not pay that judgment. And number three, Servipronto is entitled to post-judgment interest. However... Well, the holding was that Servipronto would be entitled to interest, but for your failure to make a timely request. Was that not the holding? No, Your Honor. The holding was Servipronto is entitled to post-judgment interest. However, Servipronto must file a petition for post-judgment interest in the context of an execution proceeding. In fact, if you look at 219, Your Honor, at the order on 219, which is a subsequent order, the court says that Servipronto's right to post-judgment interest is unobstructed. There's nothing in that court that impacts the substantive right of Servipronto to obtain post-judgment interest. Now, the second part of that argument, Your Honor, is that under the case of Louis Dreyfus from the Third Circuit, which we cite in our brief, it is clear that the right to post-judgment interest in the recognition action does not arise from any procedural law under Salvadorian law, but it arises really from the recognition action, from the Recognition Act, which requires recognition of the judgment as of the date of entry. As of the date of entry, December 5th, 2006, I'm sorry, December 6th, 2005, as of that date of entry, Your Honor, New York recognizes that there's a judgment debt that had to be paid, and the failure of McDonald's to pay that judgment as of that day accrues post-judgment interest. And that's what the courts of El Salvador have said, and the Third Circuit made clear, Your Honor, that under the Recognition Act, it doesn't really matter, and they dealt with the exact same issue. In that particular case, the judgment debtor had failed to comply with the procedural law that required them to file a number of petitions in England to seek the post-judgment interest. And the Third Circuit said it is irrelevant whether that procedural law, whether the request was procedurally made or not. The point is that the Recognition Act requires recognition as of the date of the entry. And that is a misconception. And I want to note that the District Court did not cite the order that I'm referencing to the court. Instead, and unfortunately, they accepted the— What page is that order again, in the appendix? It's 222, Your Honor, 222 of Appellant's Appendix, and also 219. There are two orders that are critical. The 222— This is just low-yanked. The 219 just refers to leaving the right of the petitioner to claim the interest, the procedural, default procedural interest, in the corresponding instance, unobstructed. That's what you're pointing us to. Correct. But before that, Your Honor, I was pointing you to 222, which really goes into detail. It basically says, judgment had to be paid within three days. Judgment was not paid within three days. Therefore, McDonald's was on default of the judgment. Very clearly on page 222 of Appellant's Appendix, that order says that. However, as a matter of procedural law, this has to be filed in the context of procedural filing. It's an execution plea where, in other words, Your Honor, this full judgment interest has to be quantified in the context of a procedural pleading. It is a procedural matter, but it does not have anything to do with the right of serving to the post-judgment interest. And it's clear that the court, the district court, misunderstood the impact of this order. And I want to say something else. And it is very important to see, to recognize that on September 28, 2012, McDonald's abandoned any objection to the recognition of this judgment here in New York. And after that point, and based on the case of this court, the decisions of this court in Compitex and its progeny, like the Geerling case that we cite in our brief, at that point, McDonald's could not just go back to El Salvador, pay an inferior amount to the amount that would be due in recognition, and take advantage of the improper state, a state of seven years, and then come back and say that this action was moot. They couldn't do that, because the moment that they abandoned their objections to recognition, You have one minute. Yes, Your Honor. And I want to highlight that. The district court treated this case as if McDonald's had paid the judgment immediately upon the filing of a motion for recognition. That was not the case. McDonald's first filed a motion to dismiss, which it withdrew. And then it filed oppositions, which also it abandoned. And after that, there's an obligation under New York law, it could not go back to El Salvador and pay an inferior amount under Compitex. You agree that, this is just Lilia, you agree that El Salvadoran judgment had said that if the judgment did not include interest, you would not have any of these arguments available. Is that correct? Or am I missing something? That would be a more difficult case, Your Honor. I would agree with that. Well, so I'm interested in a space between more difficult and impossible. No, it would be, if the Salvadoran court had said, as a matter of law, you do not have interest, you do not have a right to post-judgment interest, then the cases that we're relying on would not apply. And then this would be a case of first instance for this court. And I would argue that still post-judgment interest would apply. But in this particular case, Your Honor, the cases that we have, 222, 219, they actually recognize, they actually recognize the right of Selvy Pronto to post-judgment interest. They just say, there's a procedural nuance. There's a procedural nuance that you have to comply. And as a matter of law, under the Recognition Act, that procedural nuance is irrelevant. It's irrelevant to recognition here in New York because the right to post-judgment interest arises out of the Recognition Act and its mandate to recognize the judgment as of the date of entry. And with that, I'll save the remaining. You have three minutes for rebuttal. We'll hear from the other side. Thanks, Your Honor. Good morning, Your Honors. This is John Bunge for McDonald's Corporation. Your Honors, there are five key facts in our view that show that the district court here should be affirmed and that the decision of Judge Fejo was correct. First, this is a Salvadoran suit brought by a Salvadoran business that received a Salvadoran judgment based on Salvadoran litigation that was paid into the Salvadoran Treasury many years ago by McDonald's. Second, there is only one judgment that has ever been entered in this case by the Salvadoran courts or by any court, and it's for a very specific amount, $23,977,493. We wrote a check, it's in the record, for that precise amount in 2012 and paid it into the Salvadoran Treasury. Third, the appellant just told Your Honor that the courts in El Salvador did not reject the claim for interest that Server Pronto had made. That's respectfully not accurate. The district court, among other things, said specifically at page 15 of her ruling at the bottom, the very last sentence, numerous courts in El Salvador have affirmed that the judge is limited to the principal amount plaintiff has received and that plaintiff is not entitled to interest on that judgment. So the question, this is just really, the question is that at page 222 and 219 of their appendix, it appears that they didn't, they didn't say no, they just said we're leaving the right unobstructed. And that might suggest to a reader that they can then pursue interest in some other form. Well, notwithstanding what the district court said, you know, in reading that, that's not an unreasonable reading, is it? Yes, I understand what you're saying, Your Honor. They say this translated sentence says that the right is unobstructed. There's no question that in this case, with respect to this judgment, in this litigation, this particular case that is now the subject of this appeal, there was no award of interest ever made. And it was in fact rejected eight separate times, eight separate times. We have the sites on page 10 of our brief. Now, Servo Pronto seems to think that because this was a procedural issue and it didn't plead interest in the first place under El Salvador law, it can now make some other claim in El Salvador for interest. We hadn't heard anything about that until, for years in this litigation. But if Servo Pronto thinks it has some other right to pursue some other case in El Salvador, then I suppose it will take that step. But it doesn't change the fact that in this case, not only has there never, never been a United States judgment entered, no, no judgment has ever been recognized in this case or domesticated and recognized in this case. 1.1. 2. The foreign court that issued the foreign judgment has said eight separate times, or the foreign courts have said eight separate times that the judgment that we're discussing for this appeal does not include interest and cannot include interest. That's the important point. In these cases that Servo Pronto cites, the Dreyfus case, the case about, sorry. This is Louis again. It may say does not include interest. So where does this, what do they say cannot include interest? In other words, where do they preclude the collection of interest from some other forum? Well, they say that under Salvadoran law that Servo Pronto was not entitled to interest on that judgment that's at issue. Those are the words of the district court, page 15, her finding that's entitled to deference. Where are the words of the Salvadoran court? It's not whether, just because the district court here said so. So the question is where did the Salvadoran court say so? We have the citations, Your Honor, on page 10 of our brief. Essay 434 is an example. October 12, 2012. The second civil chamber, the first section, said that interest could not be granted because the default procedural interests were not requested in due time and the request for forced enforcement. March 16, 2017. Essay 482. Holding that interest was not requested together with the application for enforcement of the judgment and therefore denying interest. Essay 550. Another court holding that Servo Pronto's claim for interest, quote, lacks a legal basis since these were not considered in the judgment of the sentence that is being enforced. The Salvadoran courts applying the law that controls here, the Salvadoran law, held that Servo Pronto was not entitled to interest numerous times in this case. The case in which the judgment was entered that we're now discussing on appeal. That makes this case different from any other case that the district court found. Any other case that Servo Pronto was cited or from any other case. Go ahead, sorry. It's Judge Shin. The district court reasoned that the case was moot. Is this really a matter of mootness? Or is it a matter of comedy and paying deference to a foreign judgment? Your Honor, Judge Shin, I think it's both. First of all, I think she was right to hold it was moot. Rule 53, I'm sorry, Article 53 under the CIBC Mellon case and other cases. It's clear, as courts have held, that the whole point of Article 53 is to recognize foreign judgments that have not been paid and converting those into New York judgments so they can be enforced. And the CIBC Mellon case and other cases in the district court said. But if the argument is that the Salvadoran courts did not reject the claim of interest forever, that it was more a matter of timing, then why isn't that a live controversy now? Well, first of all, the Salvadoran courts rejected interest in this case. The judgment in this case that Serge Prado is seeking to enforce under Article 53 is the precise judgment, the precise case where the Salvadoran courts said no interest is appropriate. Secondly, there has never been, even as a threshold point before the question of interest, under Article 53 and all these other cases that are cited, the issue is the issue of interest on a United States judgment that has been recognized and enforced and domesticated. Here there was no judgment domesticated ever at any point in time under Article 53 because Article 53 doesn't apply when the judgment has been paid as happened here in El Salvador. That makes this different from any other case that has ever been reported as the district court recognized. There is no case in federal jurisprudence, New York State jurisprudence, Second Circuit jurisprudence or any other court of appeals, no case, respectfully, Your Honors, that says that a standalone right to interest exists where a foreign judgment has never been recognized in a United States court. And on the issue of comity, to accept the rule that Servo Prado is suggesting turns the issue of comity on its head. And the reason for that is this is not a case where Servo Prado is trying to enforce a foreign judgment. It is a case where Servo Prado is dissatisfied with an aspect of a foreign judgment that was issued after litigation for many years in the foreign courts. One of the concerns is that a defendant might be able to substantially delay the collection of a foreign judgment and that a plaintiff in that case might be able to employ Article 53 or some other mechanism under state law to get the interest from that. And that goes back to, I think, Servo Prado's inability to collect the $23 million from the El Salvadorian Treasury. Besides the initial decision to pursue litigation in El Salvador regarding the entitlement to an interest, is there another reason why Servo Prado was not able to collect the $23 million? Yes. You have one minute, by the way. Go ahead. All right. I'll try to respond to that briefly, Your Honor. As the district court said, and Judge Crotty said, and as Servo Prado's initial lawyers in this case said, on more than one occasion, we have the sites in our brief, the reason they didn't collect, couldn't collect on the interest was because, I'm sorry, on the initial judgment after the payment in 2012, it's because the case was on appeal all these years based on Servo Prado's effort to get interest. As I said, eight unsuccessful efforts. And the district court, the Treasury holding the judgment, lacked jurisdiction while the case was on appeal. Secondly, there's been some suggestion that the method of payment here was inappropriate. We heard it again in Servo Prado's initial statement. That is not accurate. Judge Feja, page one of her opinion, held that in September 2012, we paid the money in satisfaction of the judgment. Judge Crotty, the initial district court judge on this case at SA 185-185, also held that McDonald's paid the judgment into the court, into the Treasury as permitted under El Salvadorian procedure and law. And he said, quote, there is no appropriate suggestion McDonald's did anything improper. Third, Servo Prado's own lawyers, two sets of Servo Prado's own lawyers, in the New York case on appeal here, we have the sites of page eight and nine of our brief, acknowledged that the payment into the Treasury is an appropriate way to satisfy a judgment in El Salvador. So, look, we paid the judgment after our appeals in El Salvador were resolved against us. We paid the judgment because our intellectual property had been encumbered and we wanted to resolve this case. So, we paid the judgment to the penny. Servo Prado then chose to appeal interest not once, not twice, but eight separate times, lost each of those times. The case... All right. Sorry. Okay. Your Honor's respect, please. We have your argument. Okay. Thank you, Your Honor. Thank you. We'll hear the rebuttal. Thanks, Your Honor. Very briefly, I want to point the court to page 166 of our appendix. And that is the affidavit, the expert opinion of Jose Hernandez Limus. And on paragraph seven of that affidavit, he explained why Servo Prado did not receive payment of the judgment in El Salvador. The reason was because McDonald's never tendered that payment. Instead, McDonald's abused the procedure to deposit the funds in the court registry to force Servo Prado to give up its claim for interest. Indeed, McDonald's went as far that the court in El Salvador ordered the release of the funds in 2015 so that the parties could continue to litigate the issue of interest. And McDonald's appealed that decision. In other words, the reason Servo Prado was not paid the judgment was because McDonald's wanted to hold Servo Prado hostage. All of this is happening in the El Salvador courts. Why isn't it a decision for the El Salvador courts as to whether, because of these delays in pursuing the appeals, McDonald's should pay interest? Because the interest, as the Third Circuit mentioned and held really in Luis Dreyfus, the interest under the Recognition Act arises out of the Recognition Act, not out of Salvadorian law. In Luis Dreyfus, the Third Circuit faced the same issue. It looked at all the procedural laws presented by the judgment debtor and it said there's nothing in the UK, in that particular case, that prevents... Had the judgment been paid in that case? I mean, the big difference here is the judgment was paid before the enforcement proceedings were brought. No, Your Honor, but under Compitex and Gearlings that we do cite in our case, and the district court decision in Gearlings really shows us what the court should have done here. In that particular case, the judgment had been paid. Same thing. After the adjudication of the objections to recognition, the judgment debtor went to the foreign jurisdiction and tried to pay an amount inferior to the amount that would be due in recognition. And what the court said is, no, after the obligation... Thanks, Your Honor. After the objections are adjudicated, you have a new obligation. You cannot just run to the foreign jurisdiction. It is recognition. There's no recognition unless there's an acknowledgment that money was due as of that date and that there's a judgment date that had to be paid. In Gearlings... Could McDonald's have asked or gotten the payment back after depositing it in the Salvadorian treasury? No, no, it has not. No, no, could it have? Could it have? Oh, of course it could have. Yes, Your Honor, 100%. In fact, what the court should have done was give recognition of the judgment here in 2012 and then allow McDonald's either to get its money back in El Salvador or get a set-off here from that payment. That's what the Gearlings court says. But instead, what the district court did was it improperly stayed this action for seven years... Did you not have objected to releasing the monies back to McDonald's? We had no standing, Your Honor, because, in fact, we were not even notified we were not even notified that the Department of Treasury had received this check until McDonald's notified us here. McDonald's never made the tender and that's what Mr. Lemus makes clear in his affidavit. McDonald's should have tendered the money and then if Serbi Pronto had rejected that money... Your adversary says that there is not a single case where there's an award or reward only of interest without a recognition of the underlying judgment date. I think that's correct. That is correct, Your Honor, with one nuance and it is the case of Gearlings Export because in Gearlings Export, what you had was you had a difference in the currency. The objections to the recognition had been adjudicated and the judgment debtor paid a lower amount taking advantage of the depreciation in the currency. And what the district court, relying on a case from this circuit, said was no, after the objections are withdrawn there's an obligation. And what we're going to do is we're going to recognize that you paid the principal amount in London, in England, but we're going to set that off from the amount that would be otherwise due in recognition. And remember, this is the Uniform Recognition Act that seeks uniformity throughout the United States as one of its goals. And that's what the district court should have done here, Your Honor. It should have acknowledged that there's a judgment in El Salvador. It should have acknowledged that McDonald's had abandoned its objections to recognition in September of 2012. And it should have entered either judgment either allowing McDonald's to get its money back in El Salvador or recognizing that McDonald's had the right to set that off. But it didn't do that. You're out of time. Thanks, Your Honor. We will reserve decision.